# Bombaugh *against* Robinson.

The obligation of a recognizance before a justice of the peace for a stay of execution is, that the defendants will pay the debt, or be surrendered in execution when called for; and such recognizance is forfeited, when the bail, being called on in the proper way, omit to surrender all the defendants.

ERROR to the Common Pleas of *Mifflin* county.

George Bombaugh against Thomas Robinson. *Scire facias sur recognizance.*

The plaintiff, George Bombaugh, obtained a judgment before a justice of the peace, against Ford & Whitterman, for $33.75, when Thomas Robinson became bound before the justice in a recognizance of $65, for the stay of execution for the defendants. After the lapse of six months, an execution issued to the constable upon the judgment against Ford & Whitterman; upon which he made return, " No goods; Whitterman sick, and not able to be removed, and Ford not to be found."

The defendant in this suit contended that this was not a sufficient return to fix him for the money: and the court below was of that opinion, and instructed the jury to find for the defendant.

*J. Fisher*, for plaintiff in error, cited 1 *Cow.* 99; 5 *Watts* 336.

*Benedict, contra*, cited 2 *Watts* 103; 8 *Watts* 182; 11 *Mass.* 234; 16 *East* 39; 6 *Johns.* 97.

PER CURIAM.—It is perhaps possible that an arrest of one defendant on a *capias ad satisfaciendum*, against two or more, would be satisfaction of the judgment, and that a second execution could not issue—about which we say nothing—but what is the condition of the recognizance of their special bail? It is that the defendants will pay the debt, or be surrendered in execution when called for; and it is consequently broken, when the bail, being called on in the proper way, omit to surrender them all. The *capias ad satisfaciendum* is necessary to ground the *scire facias*, but only to give notice to the bail, that their principals are demanded; and, the object being to fix the bail, it is never served.  It has the four days in the sheriff's office, and is returned *non est inventus*, as a matter of course.  But a plaintiff has, by the terms of such a recognizance, a right to demand all the defendants; and if they are not all forthcoming, the bail are answerable

[Bombaugh v. Robinson.]

for it. They are special gaolers of their principals, at their own request; and are liable for the non-production of any of them, as the sheriff would be. Now, it has been ruled, that if there be two in execution, and one of them escape, though the other remain in prison, yet shall the sheriff be liable for the debt, because each body is a separate and distinct pledge for it; and it is therefore fixed upon him if either escape. *Roll. Ab.* 801; *Dalt.* 561. For the same reason, when one escapes from the bail, they are liable for the whole.

Judgment reversed, and a *venire de novo* awarded.